UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE

William Alleman

     v.                                    Civil No. 12-cv-282-JL
                                           Opinion No. 2013 DNH 062
Brandon Montplaisir *et al*.

**SUMMARY ORDER**

The plaintiff, William Alleman, alleges that he was arrested and prosecuted without probable cause, and in violation of and retaliation for his First Amendment rights, by defendant Brandon Montplaisar, an officer with the Weare Police Department. Alleman seeks monetary and injunctive relief against Montplaisir, and the Town of Weare, under 42 U.S.C. § 1983.  Alleman also seeks to hold Montplaisir, as well as the Police Department, its Chief, and the Town, liable on a number of tort theories, including false arrest and imprisonment, malicious prosecution, and negligent training and supervision.  This court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental jurisdiction).

**Background**

Alleman's claims arise out of his arrest and prosecution for his alleged violation of a state-law prohibition on wiretapping and eavesdropping, N.H. Rev. Stat. Ann. § 570-A:2, I(a), which, in relevant part, makes it a felony to "wilfully intercept[]

. . . any telecommunication or oral communication." Montplaisir charged that, after he stopped Alleman's vehicle in Weare one night in July 2010, Alleman used his cellphone to record his ensuing conversation with Montplaisir, even after he informed Alleman that he needed Montplaisir's consent to do so. (This encounter ended with Montplaisir's issuance of a written warning to Alleman for a "fog line" violation.) A few days later, Montplaisir found a recording of his conversation with Alleman on a website, which identified the recording source by the handle "Biker Bill" and Alleman's phone number.

Based on the foregoing allegations, Montplaisir applied to the Goffstown District Court several months later, in December 2010, for an arrest warrant for Alleman for violating § 570-A:2, I(a). The warrant issued, but was not executed or returned (the defendants say it was misplaced), so, in February 2011, Montplaisir resubmitted his application, and a different judge of the then-Goffstown District Court issued another arrest warrant for Alleman. Acting pursuant to this warrant, officers from the Weare Police Department (not including Montplaisir) arrested Montplaisir at his home.

After the charge was reduced from a felony to a misdemeanor under N.H. Rev. Stat. Ann. § 507-A:2, I-a, Alleman, acting through counsel, moved for judgment of acquittal. Alleman

argued, among other things, that (1) he "had a First Amendment right to record a public official in the course of conducting his official duties in a public place" and (2) in any event, Alleman had not violated § 507-A:2, I-a by recording Montplaisir's oral communication during the traffic stop, because he had not uttered that communication under circumstances justifying an expectation that it was not subject to interception, as necessary to bring an oral communication within the scope of the statute, see id. § 570-A:1, II.

In connection with this motion, Alleman and the State made a joint written submission of stipulated facts.  These stipulated facts included that, after Alleman asked Montplaisir whether "he was legally required" to "hang up his cell phone" during the traffic stop, Montplaisir said "it was a request," later adding, "I'm just respectfully asking you to get off the phone so I can talk to you.  You don't want to do that; that's fine, we'll let it be."  Another stipulated fact was that, when a passer-by told Montplaisir, "I'm going to be recording what you're doing," Montplaisir responded, "That's fine."  In a written order that "incorporates by reference the stipulated facts," the Goffstown Division of the New Hampshire Circuit Court granted Alleman's motion for judgment of acquittal, ruling that he was engaged in activity protected by the First Amendment when he recorded

Montplaisir.  New Hampshire v. Alleman, No. 438-2011-CR-382 (N.H. 9th Cir. Ct., Dist. Div., Oct. 28, 2011) (citing Glik v. Cunniffe, 655 F.3d 78 (1st Cir. 2011)).  This action followed.

**Applicable legal standard**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Alleman has moved for judgment on the pleadings on his constitutional claims against Montplaisir.  In deciding a motion for judgment on the pleadings, a court must "view the facts contained in the pleadings in the light most favorable to the party opposing the motion . . . and draw all reasonable inferences in [his] favor."  Curran v. Cousins, 509 F.3d 36, 43 (1st Cir. 2007).  It follows that "the plaintiff may not secure a judgment on the pleadings when the answer raises issues of fact that . . . would defeat recovery."[1]  5C Charles Alan Wright et al., Federal Practice & Procedure § 1368, at 251 (3d ed. 2004).

**Analysis**

Alleman does not argue that the defendants' answer admits the allegations that are essential to his federal claims against

---

[1] Alleman appears to misapprehend the applicable standard, stating more than once in his memorandum that the materials before the court are "sufficient" to sustain one or more of his claims against Montplaisir.  That is, in general, the showing required for a plaintiff to survive a motion under Rule 12(c), not to prevail on one.

4

Montplaisir and, based on this court's review, it does not. Instead, Alleman argue that Montplaisir is collaterally estopped from disputing the facts set forth in the joint stipulation submitted to the Circuit Court.  Alleman further argues that those facts establish, as a matter of law, Montplaisir's liability for Alleman's arrest and prosecution without probable cause, and in violation of and retaliation for his First Amendment rights.  Because the court disagrees with Alleman's collateral estoppel argument, it denies his motion for judgment on the pleadings without reaching his second argument.

The joint stipulation has no collateral estoppel effect here.  This court applies New Hampshire law in deciding the collateral estoppel effect of proceedings in New Hampshire courts.  See, e.g., In re Sonus Networks, Inc. Shareholder Derivative Litig., 499 F.3d 47, 56 (1st Cir. 2007).  Under New Hampshire law, "the collateral estoppel doctrine bars a party to a prior action from relitigating any issue of fact actually litigated and determined in the prior action."  In re Michael E., 162 N.H. 520, 523 (2011).  Even if this court could determine, on the basis of the pleadings alone, that the State virtually represented Montplaisir's interests in the criminal proceedings so as to put him in privity with the State for collateral estoppel purposes, but see United States v. Bonilla Romero, 836

F.2d 39, 43 (1st Cir. 1987) ("[w]hether a party is virtually representative of a non-party is a question of fact determined on a case-by-case basis"), the facts in the joint stipulation are not issues that were "actually litigated and determined" in those proceedings.  "An issue is not actually litigated . . . if it is the subject of a stipulation between the parties." Restatement (Second) of Judgments § 27 cmt. e (1981); accord M.A. Crowley Trucking, Inc. v. Moyers, 140 N.H. 190, 195 (1995) ("Where . . . a final judgment . . . was based on a stipulation . . . , the issue asserted for preclusion was not actually litigated.") So neither the joint stipulation, nor the Circuit Court's order incorporating it, has collateral estoppel effect here.

   Aside from his mistaken collateral estoppel argument, Alleman does not explain how the court can consider the joint stipulation in ruling on his motion for judgment on the pleadings.  Without foreclosing the possibility that the stipulation constitutes admissible evidence in this action, it does not fall within the narrow class of materials outside the pleadings that are nevertheless cognizable in deciding a motion under Rule 12(c).  See Curran, 509 F.3d at 44.  As Alleman acknowledges in his memorandum in support of his motion, "[m]ost material facts" on which he relies "are drawn from" the stipulation, rather than established by the pleadings or other

6

materials the court can consider at this stage. The facts established by those materials, in contrast, do not entitle Alleman to judgment on the pleadings on his claims against Montplaisir, and Alleman (relying as he does on the facts in the joint stipulation) does not argue otherwise. Again, the allegations admitted in the defendants' answer do not establish Montplaisir's liability on any of Alleman's claims.

Accordingly, Alleman's motion for judgment on the pleadings (document no. 13) is DENIED without prejudice to his ability to resurrect his arguments in support of a properly supported motion for summary judgment.[2]  See Fed. R. Civ. P. 56.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  April 17, 2013

cc:   Stephen T. Martin, Esq.
      Robert Joseph Dietel, Esq.
      Charles P. Bauer, Esq.

---

[2] While this court normally hears oral argument on dispositive motions, it decided Alleman's motion for judgment on the pleadings based solely on the parties' written submissions. In those submissions, neither party asked for oral argument on the motion and, moreover, the court did not anticipate that oral argument would be helpful to either the parties or the court because it was clear from the written submissions that Alleman was not entitled to the relief he was seeking.